```
 1  KEVIN V. RYAN (CSBN 118321)
    United States Attorney
 2  JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
 3  CLAIRE T. CORMIER (CSBN 154364)
    Assistant United States Attorney
 4
        150 Almaden Blvd., Suite 900
 5      San Jose, California 95113
        Telephone: (408) 535-5082
 6      FAX: (408) 535-5081

 7  Attorneys for Defendant
    United States of America
 8
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ANN CASALETTO, | Case No. C 02-4600 PVT |
| Plaintiff, | STIPULATION OF SETTLEMENT; [PROPOSED] ORDER |
| v. | |
| UNITED STATES POSTMASTER GENERAL, et al., | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between plaintiff Ann Casaletto Maisano and defendant United States of America, as follows:

1. The parties do hereby agree to settle and compromise the above-entitled personal injury action under the terms and conditions set forth herein.

2. The United States of America, defendant, agrees to pay to the plaintiff the sum of thirty-eight thousand dollars ($38,000.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, for which plaintiff or her heirs,

1  executors, administrators, or assigns, and each of them, now have or may hereafter acquire
2  against the United States of America or its agents, servants, and employees.
3     3.  Plaintiff and her heirs, executors, administrators or assigns hereby agree to accept the sum
4  of thirty-eight thousand dollars ($38,000.00) in full settlement and satisfaction of any and all
5  claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by
6  reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries,
7  damage to property and the consequences thereof which they may have or hereafter acquire
8  against the United States of America or its agents, servants and employees on account of the
9  same subject matter that gave rise to the above-captioned lawsuit.  Plaintiff and her heirs,
10 executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the
11 United States of America and its agents, servants or employees from any and all such causes of
12 action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from
13 further litigation or the prosecution of claims by plaintiff or her heirs, executors, administrators
14 or assigns against any third party or against the United States of America.
15    4.  This stipulation for compromise settlement is entered into by all parties for the purpose of
16 compromising disputed claims and avoiding the expenses and risks of litigation.  This settlement
17 does not constitute an admission of liability or fault on the part of the defendant.
18    5.  This agreement may be pled as a full and complete defense to any subsequent action or
19 other proceeding which arises out of the claims released and discharged by the agreement.
20    6.  It is also agreed, by and among the parties, that the settlement amount of thirty-eight
21 thousand dollars ($38,000.00) paid by the United States of America to plaintiff represents the
22 entire amount of the compromise settlement and that the respective parties will each bear their
23 own costs, fees, and expenses and that any attorneys' fees owed by the plaintiff will be paid out
24 of the settlement amount and not in addition thereto.
25    7.  It is also understood by and among the parties that, pursuant to Title 28, United States
26 Code, Section 2678, attorneys' fees for services rendered to plaintiff in connection with this
27 action shall not exceed 25 per centum of the amount of the compromise settlement.
28

STIPULATION RE SETTLEMENT; [PROPOSED] ORDER
Case No. C 02-4600 PVT                    -2-

8. Payment of the settlement amount will be made by a check payable to "Brent Ventura as Trustee and Ann Casaletto Maisano."

9. Plaintiff is advised that settlement checks are often not available for eight to ten weeks after approval of the settlement by the court. Counsel for the United States of America will notify plaintiff's counsel when the settlement check is available. Within ten (10) days of such notification, plaintiff agrees that she will cause her attorneys to execute and provide to defense counsel, a stipulation of dismissal with prejudice of plaintiff's complaint. Within ten (10) days of receipt of the plaintiff's stipulation of dismissal, the United States of America will deliver the above-referenced settlement check to plaintiff's counsel.

10. Plaintiff hereby releases and forever discharges the United States Postal Service, the United States of America and any and all of their past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiff's pleadings in this action.

11. The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by her to be true, the Agreement shall be and remain effective notwithstanding such material difference.

12. The parties agree that this stipulation is intended to be a full and final settlement of all claims arising out of the allegations set forth in plaintiff's pleadings in this action. Plaintiff

agrees to indemnify and hold harmless defendant United States of America from any and all claims, demands, obligations, liens, and lawsuits brought against the United States of America, its agencies or employees, including but not limited to the United States Postal Service, arising out of the allegations set forth in plaintiff's complaint in this action.

13. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

14. The parties agree that, should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

15. This settlement agreement may be signed in counterparts.

                                  Respectfully submitted,

DATED: December 6, 2005        /s/ Brent N. Ventura
                                  BRENT N. VENTURA
                                  Attorney for Plaintiff

DATED: December 6, 2005        /s/ Ann Casaletto Maisano
                                  ANN CASALETTO MAISANO
                                  Plaintiff

                                  KEVIN V. RYAN
                                  United States Attorney

DATED: October 21, 2005        /s/ Claire T. Cormier
                                  CLAIRE T. CORMIER
                                  Assistant United States Attorney

## [PROPOSED] ORDER

Pursuant to the parties' stipulation of settlement, IT IS SO ORDERED.

Dated: *12/6/05*

*[signature: Patricia V. Trumbull]*
PATRICIA V. TRUMBULL
United States Magistrate Judge